` IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| YVONNE BURNETTE,<br>Plaintiff. | )<br>)<br>)<br>) | Case No:  Case: 2:26−cv−10604<br>Assigned To : McMillion, Brandy R.<br>Referral Judge: Altman, Kimberly G. |
| v. | )<br>) | Assign. Date : 2/20/2026 |
| CREDENCE RESOURCE<br>MANAGEMENT. LLC<br>Defendant.<br>_____ | ) Hon.<br>)<br>)<br>)<br>) | BURNETTE V. CREDENCE RESOURCE<br>MANAGEMENT, LLC (CMP)(CMC) |

## COMPLAINT & JURY DEMAND

### I. INTRODUCTION

1. Plaintiff brings this action under the Fair Debt Collection Practices Act (hereinafter "FDCPA") to address Defendant`s violations of her rights under federal law. The FDCPA seeks to protect consumers from abusive, deceptive, misleading and unfair practices by debt collector`s. Nevertheless, Defendant disregarded these protections by willfully and negligently contacting Plaintiff at times, they knew were inconvenient, causing disruption, harassment, and oppression.

### II. JURISDICTION AND VENUE

2. The court has jurisdiction under 15 U.S.C § 1692k and 28 U.S.C § 1331.

3. The venue in this District is proper as the Defendant transacts business in Michigan.

### III. PARTIES

4. Plaintiff Yvonne Burnette (hereinafter "Plaintiff") is a natural person residing in the Eastern District of Michigan.

1

5. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C.§1692a (3).

6. Upon information and belief, Credence Resource Management, LLC, (hereinafter "Defendant") is a corporation authorized to do business in Michigan. Defendant principal place of business is 6045 Atlantic Blvd, Peachtree Corners, GA 30071.

7. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a (6).

### IV.   FACTUAL ALLEGATIONS

8. Defendant is attempting to collect an alleged debt arising from a transaction in which the phone services through T-Mobile, which are the subject of the transaction, are primarily for personal, family, or household purposes.

9. On January 19, 2026, Plaintiff received a call from Defendant at 8:32 a.m., originating from phone number (313) 988-3397. Plaintiff informed Defendant that she was busy at work and that her employer does not allow personal phone calls. **Please See Exhibit A.**

10. On January 26, 2026, Defendant again called Plaintiff from phone number (313) 988-3397. Plaintiff missed the call and contacted Defendant back, during this call, Plaintiff informed Defendant that she was at work, that her employer does not allow personal calls, and that her work schedule fluctuates. Plaintiff further informed Defendant that she did not have a good time for Defendant to call her, and that she would return the call when she was available due to her fluctuating schedule.

11. Despite Plaintiff's clear notice that she was unavailable at work and that she did not have a convenient time for Defendant to contact her, Defendant continued placing additional calls.

2

12. On February 4, 2026, Defendant called Plaintiff at approximately 7:01 p.m. from phone number (313) 547-9723. Defendant switched numbers to deceive Plaintiff into answering the call.  **Please See Exhibit A.**

13. On February 11, 2026, Defendant called Plaintiff twice, including at approximately 10:40 a.m. and 4:56 p.m., from phone number (313) 547-9723. **Please See Exhibit B.**

14. On February 12, 2026, Defendant again called Plaintiff twice, including at approximately 10:47 a.m. and 4:47 p.m., from phone number (313) 547-9723. **Please See Exhibit C.**

15. Defendant's continued calls after Plaintiff clearly stated she was at work, that her employer did not allow calls, and that her schedule fluctuated, demonstrate that Defendant continued to communicate with Plaintiff at times Defendant knew, or should have known, were inconvenient.

16. Defendant's repeated calls after Plaintiff provided notice of inconvenient times and circumstances violated 15 U.S.C. § 1692c(a)(1) and § 1692c(a)(3), which prohibit debt collectors from communicating with consumers at inconvenient times or places, including communication at a consumer's place of employment when the debt collector knows or has reason to know that the employer prohibits such communications.

## V. COUNT I & II –

## VIOLATIONS OF 15 U.S.C. § 1692c(a)(1) -1692c(a)(3)

17. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

18. Pursuant to 15 U.S.C. § 1692c(a)(1), a debt collector may not communicate with a consumer at any unusual time or place, or at a time or place known or which should be known to be inconvenient to the consumer.

19. Plaintiff explicitly informed Defendant that she was at work, that her employer does not allow personal phone calls, and that she did not have a good time for Defendant to contact her due to her fluctuating schedule. Plaintiff further informed Defendant that she would return Defendant's call when she was available.

20. Despite this notice, Defendant continued to place collection calls to Plaintiff, including additional calls after January 26, 2026, at times Defendant knew or should have known were inconvenient.

21. Defendant's continued communications violated 15 U.S.C. § 1692c(a)(1).

22. Pursuant to 15 U.S.C. § 1692c(a)(3), a debt collector is prohibited from communicating with a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the employer prohibits such communications.

23. Defendant continued contacting Plaintiff after being informed that Plaintiff's employer prohibits personal calls during work hours, in violation of 15 U.S.C. § 1692c(a)(3).

24. Defendant's conduct caused Plaintiff stress, disruption, and interference with her ability to perform her job duties.

25. Defendant's violations of the FDCPA entitles Plaintiff to actual damages, and statutory damages, pursuant to 15 U.S.C. § 1692k.

## VI.  COUNT III –

### VIOLATION OF 15 U.S.C. § 1692d

26. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

27. Pursuant to 15 U.S.C. § 1692d, a debt collector is prohibited from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. Defendant repeatedly contacted Plaintiff by telephone after Plaintiff informed Defendant that she was at work, that her employer does not allow personal calls, and that she did not have a convenient time for Defendant to contact her.

29. Defendant's repeated calls, despite Plaintiff's clear instructions and notice, constitute conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, in violation of 15 U.S.C. § 1692d.

30. Defendant's conduct caused Plaintiff stress, disruption, and interference with her daily life and work obligations.

31. Defendant's violations of the FDCPA entitles Plaintiff to actual damages, and statutory damages, pursuant to 15 U.S.C. § 1692k.

## DEMAND FOR JURY AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgement for the violations occurred in the FDCPA.

B. Actual Damages.

C. Statutory damages.

D. Award for further relief that the court deem just and proper.

Dated: June 10, 2025                                      Respectfully Submitted

/s/ Yvonne Burnette

20060 Keystone St.

Detroit, MI 48234

Email: yvonneburnette@gmail.com

**EXHIBIT A**



**EXHIBIT B**



**EXHIBIT C**




+

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
YVONNE BURNETTE

**(b)** County of Residence of First Listed Plaintiff  WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
20060 Keystone St.
Detroit, MI 48234

## DEFENDANTS
CREDENCE RESOURCE MANAGEMENT, LLC

County of Residence of First Listed Defendant  _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 340 Marine | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [X] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | |
| | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause:
Defendant violated the FDCPA by contacting Plaintiff at an inconvenient time and place.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

**DATE**
February 19, 2026

**SIGNATURE OF ATTORNEY OF RECORD**
*Yvonne Burnette*

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

    Notes: